Clerk's Office
Filed Date:

1/19/2021

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

WAYNE DAVIS,

                            Plaintiff,

            v.

PUAL FRANCES and LISA ULLMAN,

                           Defendants.

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
21-CV-142 (MKB)

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiff Wayne Davis, proceeding *pro se*, commenced the above-captioned action against Defendants Pual Frances and Lisa Ullman on January 7, 2021. (Compl., Docket Entry No. 1.) Plaintiff asserts that Defendants violated their oaths of office, the War Powers Act, and the Tenth Amendment through their involvement in the closure of Brooklyn Terrace, the adult home where he lived. (*Id.* at 4, 6–10.)[1] The Court grants Plaintiff's application to proceed *in forma pauperis* for the purposes of this Memorandum and Order. (Mot. for Leave to Proceed, Docket Entry No. 2.) For the reasons set forth below, the Court dismisses the Complaint.

**I.   Background**

      The Court assumes the truth of the factual allegations in the Complaint for purposes of this Memorandum and Order. In an undated letter attached to the Complaint,[2] the New York

---

[1] Because the Complaint is not consecutively paginated, the Court refers to the page numbers assigned by the electronic case filing system.

[2] The Court considers the substance of this letter because it is attached to the Complaint. *See L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) ("A complaint is [also] deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint." (alteration in original) (quoting *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004))).

State Department of Health, Office of Mental Health, informed Plaintiff that Brooklyn Terrace would be closing on December 31, 2020, and described Plaintiff's options for obtaining new housing, which included assessment for "[s]upported [h]ousing" or moving to another adult care facility. (Letter, annexed to Compl. 8–10.)

Plaintiff alleges that on September 14, 2020, the managing agent at Brooklyn Terrace held a meeting with Defendants and several residents, and that Plaintiff first learned of the meeting when he left his apartment "to go inside to go get lunch." (Compl. 6–7.) Plaintiff spoke to Frances, who told him that Brooklyn Terrace would be closing on December 31, 2020. (*Id.* at 7.) He arranged to meet Frances at 1:30 PM, after the meeting was due to end, but returned at that time and did not find him. (*Id.*) Instead, he spoke with Ullman. (*Id.*) Ullman visited Brooklyn Terrace "many times," and "many times," Plaintiff told her that he was "not for the closing." (*Id.*) On October 7, 2020, Plaintiff "asked why not have the state run Brooklyn Terrace[?]" and Ullman responded that "she though[t] about that." (*Id.*) Plaintiff alleges that Defendants are both employees of the New York State Department of Health, Office of Mental Health. (*Id.*)

Plaintiff asserts both federal question jurisdiction pursuant to 28 U.S.C. § 1331 and diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332. (*Id.* at 4.) Plaintiff states that he is "not looking for . . . money damages," (*id.* at 6), but does not set forth the relief he *is* seeking.

## II. Discussion

### a. Standard of review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

In addition, pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, if a court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015) ("A district court properly dismisses an action under [Rule 12(b)(1) of the Federal Rules of Civil Procedure] for lack of subject matter jurisdiction of the court 'lacks the statutory or constitutional power to adjudicate it.'" (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000))); *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000) ("[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed.").

  b. **The Complaint fails to state a claim**

  Plaintiff alleges that Defendants violated their "[o]ath of [o]ffice," the "War Powers Act," and the Tenth Amendment. (Compl. 4.) Plaintiff does not allege any facts in the Complaint in support of these claims and does not explain how Defendants allegedly violated their oaths of office or why their alleged violations present a question of federal law. *See Scheiner v. Bloomberg*, No. 08-CV-9072, 2009 WL 691449, at *3 (S.D.N.Y. Mar. 17, 2009) ("[C]ourts have held that there is no private cause of action for an official's alleged violation of an oath of office." (collecting cases)). The legislative scheme created by the War Powers Act concerns relations between the President and Congress when the United States enters into hostilities, which is a subject unrelated to any allegations in the Complaint. *See* 50 U.S.C.A. § 1541(a) ("It is the purpose of this chapter to . . . insure that the collective judgment of both the Congress and the President will apply to the introduction of United States Armed Forces into hostilities, or into situations where imminent involvement in hostilities is clearly indicated by the circumstances . . . ."). The Tenth Amendment,[3] where relevant, protects the states against actions by the federal government. *See Warren v. United States*, 859 F. Supp. 2d 522, 543 (W.D.N.Y. 2012) ("[T]o the extent [the plaintiff] seeks to state a claim under the Tenth Amendment, its protections run to the states as against the federal government . . . ."), *aff'd*, 517 F. App'x 54 (2d Cir. 2013); *see also Bond v. United States*, 564 U.S. 211, 225–26 (2011) (holding that the plaintiff had standing to challenge a federal criminal statute under which she had been convicted on the basis that the statute violated the Tenth Amendment by impermissibly interfering with state sovereignty). Plaintiff alleges that Defendants are employees of a state

---

  [3] The Tenth Amendment states that "[t]he powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." U.S. Const. amend. X.

agency, (Compl. 7), but has not alleged any facts to suggest that any of their actions implicate the Tenth Amendment. Therefore, even construing Plaintiff's allegations to "raise the strongest arguments they suggest," *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (quoting *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007)), Plaintiff has not stated a claim under the Constitution or under a federal law.[4] *See Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

    **c.  Leave to amend**

Although it appears that Plaintiff cannot state a federal claim or otherwise state a basis for subject matter jurisdiction over Plaintiff's claims, in light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to file an amended complaint within thirty days of this Memorandum and Order. Plaintiff is advised that the amended complaint will completely replace the original Complaint, must be captioned "Amended Complaint," and shall bear the same docket number as this Memorandum and Order. If Plaintiff fails to file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment dismissing the case for the reasons stated above.

**III.  Conclusion**

For the foregoing reasons, the Court dismisses the Complaint without prejudice for

---

[4] Moreover, although Plaintiff alleges diversity of citizenship as a basis for the Court's exercise of jurisdiction, based on Plaintiff's allegations that both he and Defendants are residents of New York State, the Court cannot exercise diversity jurisdiction. *See Bartlett v. Honeywell Int'l Inc.*, 737 F. App'x 543, 547 (2d Cir. 2018) ("Diversity jurisdiction is present when there is complete diversity between the parties . . . ." (citing 28 U.S.C. § 1332(a))); *Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 117–18 (2d Cir. 2014) ("Subject matter jurisdiction is based on 28 U.S.C. § 1332, which requires 'complete diversity,' *i.e.* all plaintiffs must be citizens of states diverse from those of all defendants. (quoting *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005))).

5

failure to state a claim.  The Court grants Plaintiff leave to file an amended complaint within thirty days from the entry of this Memorandum and Order as set forth above.  All further proceedings shall be stayed for thirty days.  If Plaintiff fails to file an amended complaint within the time allowed or show good cause why he cannot, the Court will direct the Clerk of Court to enter judgment dismissing the case for the reasons stated above.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: January 17, 2021
       Brooklyn, New York

                                    SO ORDERED:

                                      s/ MKB
                                    MARGO K. BRODIE
                                    United States District Judge